PER CURIAM.
In this direct criminal appeal, appellant raises two points challenging his judgment of conviction and sentences for aggravated battery while actually possessing and discharging a firearm; trespass while possessing a firearm; shooting or throwing deadly missiles within a structure; and carrying a concealed firearm. We affirm appellant’s second point without comment. As to appellant’s first point, while we firmly endorse the preferred practice of protecting a defendant’s case from undue prejudice by avoiding his appearing before the jury wearing physical restraints, see Bryant v. State, 785 So.2d 422, 428 (Fla.2001), we are mindful that we must defer to the trial court’s ruling on a motion in limine absent a showing of an abuse of discretion. See Patrick v. State, 104 So.3d 1046, 1056 (Fla.2012). “Such discretion is limited by the rules of evidence, and a trial court abuses its discretion if its ruling is based on an ‘erroneous view of the law or on a clearly erroneous assessment of the evidence.’ ” Id. (quoting McDuffie v. State, 970 So.2d 312, 326 (Fla.2007)). Having carefully reviewed the record with these principles in mind and taken into consideration the essential state interests specific to this case, see Holbrook v. Flynn, 475 U.S. 560, 568-69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986), we are persuaded that the trial court’s decision allowing the state to present to the jury both the audio and visual portions of appellant’s brief, videotaped police interview, in which appellant could be seen wearing a jail uniform, handcuffs, and leg chains, was not an abuse of the trial court’s discretion. The court’s decision was not based on a clearly erroneous view of the law or assessment of the evidence, but on a careful balance between the potential prejudice to appellant caused by the jury’s seeing him in re *656 straints and the relevance of appellant’s inculpatory statements made to the detective, in conjunction with the jury’s ability to observe his demeanor while making those statements. Thus, we are persuaded that the record reflects the probative value of the evidence was not substantially outweighed by any unfair prejudice. Cf. Singleton v. State, 783 So.2d 970, 976 (Fla.2001) (holding “[t]he [jury’s] brief exposure to Singleton in a prison uniform while handcuffed does not outweigh the probative value of Singleton’s admission in the video that he killed the victim”); Alston v. State, 723 So.2d 148, 156-57 (Fla.1998) (concluding the trial court’s denial of Alston’s pretrial motion to exclude the videotape of his “ ‘walk-over’ ” from the police station to the jail was not an abuse of discretion where “the substance of what was said on the videotape concerned the crime for which appellant was charged and tended to prove a material fact; thus it was relevant evidence,” and the probative value of the evidence was not substantially outweighed by unfair prejudice).
AFFIRMED.
CLARK, ROWE, and SWANSON, JJ., concur.