IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSIAH HATHAWAY,

  Appellant,

v.

STATE OF FLORIDA,

  Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4797

_____/

Opinion filed September 27, 2017.

An appeal from the Circuit Court for Alachua County.
Peter K. Sieg, Judge.

Steven J. Parton, Mandell Law, P.A., Orlando, for Appellant.

Pamela Jo Bondi, Attorney General, Virginia Harris, Assistant Attorney General,
Tallahassee, for Appellee.

PER CURIAM.

  Appellant, Josiah Hathaway, appeals his convictions and sentences for

attempted second-degree murder and carrying a concealed firearm.  Appellant raises

ten issues on appeal, only one of which merits a brief discussion. Appellant contends that the trial court erred in denying his motion in limine, wherein he argued that his admission that the firearm at issue was concealed in his waistband should be excluded from evidence because the State could not establish the corpus delicti of the concealment offense without his admission. After reviewing the record and considering the State's evidence, we reject both Appellant's argument and the State's "agreement" on appeal that it failed to present substantial evidence that the offense of concealment occurred absent Appellant's admission.[*] See Acoff v. State, 180 So. 3d 185, 187-88 (Fla. 1st DCA 2015) ("The state has a burden to bring forth 'substantial evidence' *tending to show* the commission of the charged crime. This standard does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime . . . ." (Emphasis added) (Citation omitted)); see also Tanzi v. State, 964 So. 2d 106, 116 (Fla. 2007) (explaining that it is within the trial court's province to determine the sufficiency of the proof of the corpus delicti and holding that the trial court did not abuse its discretion in finding the corpus delicti and in admitting the appellant's confession); Black v. State, 120 So. 3d 654, 655 (Fla. 1st DCA 2013) (noting that an

---

[*] Notwithstanding its "agreement," the State ultimately argues that reversal is not warranted on this issue because Appellant's admission was relevant to the issue of premeditation for the charged crime of attempted first-degree murder. Given our determination on Appellant's corpus delicti contention, we need not address this alternative argument.

2

appellate court must defer to a trial court's ruling on a motion in limine absent an abuse of discretion). In reaching our conclusion, we find Appellant's reliance upon several cases addressing the issue of corpus delicti in the context of a motion for judgment of acquittal unavailing, especially given Appellant's concession on appeal that the trial court did not err in denying his motion for judgment of acquittal on the concealment offense. We, therefore, affirm Appellant's convictions and sentences.

AFFIRMED.

LEWIS, RAY, and JAY, JJ., CONCUR.